**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

*******************************************************************************

| | | |
|---|---|---|
| IN RE: | ) | Bktcy. 20-20875-CMB |
| NASH BUILDING COMPANY, | ) | Chapter 7 |
| DEBTOR | ) | |

*******************************************************************************

| | | |
|---|---|---|
| ROBERT H. WYCHE, | ) | Doc. # ____ |
| Movant, | ) | Related Doc. # |
| v. | ) | Hearing Date: 10/29/20 |
| NASH BUILDING COMPANY; MONROE NASH; TERRA INVESTMENTS, LLC; and ROBERT SHEARER, CHAPTER 7 TRUSTEE, | ) | Hearing Time: 1:30 PM |
| Respondent(s). | ) | |

*******************************************************************************

**MOTION TO COMPEL**

COMES NOW Robert H. Wyche, by and through its undersigned counsel, and does file the within Motion, upon a cause whereof the following is a statement, to wit:

**I. THE PARTIES**

1. Debtor/Respondent, Nash Building Company ("Debtor") commenced the above-captioned case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., on March 6, 2020 ("Petition Date"). Debtor has an address of 10 Chadwick Street, Sewickley, PA 15143, with notice to counsel, Ryan J. Cooney, Esquire, Robert O Lampl Law Office, Benedum Trees Building, 223 Fourth Avenue, 4th Floor, Pittsburgh, PA 15222.

2. Respondent, Monroe Nash ("Mr. Nash"), is an adult individual having an address of 301 Kenney Drive, Sewickley, PA 15143, with notice to counsel, Ryan J. Cooney, Esquire, Robert O Lampl Law Office, Benedum Trees Building, 223 Fourth Avenue, 4th Floor, Pittsburgh, PA 15222.

3. Respondent, Terra Investments, LLC ("Terra"), is a Pennsylvania limited liability company having an address of 10 Chadwick Street, Sewickley, PA 15143, with notice to counsel, Ryan J. Cooney, Esquire, Robert O Lampl Law Office, Benedum Trees Building, 223 Fourth Avenue, 4th Floor, Pittsburgh, PA 15222.

4. Respondent, Robert Shearer ("Trustee"), is the Trustee in this case pursuant to 11 U.S.C. § 702(d) and has an address of 5703 Brewster Lane, Erie, PA 16505.

5. This matter is a "core" proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

6. Movant, Robert H. Wyche ("Mr. Wyche"), is a party in interest in this case and is a creditor of the Debtor, and potentially Mr. Nash and Terra. Mr. Wyche has an address for the purposes of this Motion of c/o Roger P. Poorman, Esquire, Metz Lewis Brodman Must O'Keefe LLC, 535 Smithfield Street, Suite 800, Pittsburgh, PA 15222.

## II. BACKGROUND

### A. The Relationship Between Mr. Nash, Debtor, and Terra

7. Mr. Nash is a builder based in Sewickley, Pennsylvania, with more than thirty (30) years of experience in building and restoration of residential and commercial structures.

8. Terra is a Pennsylvania limited liability company believed to have been formed on or about March 6, 2003, having an address of 10 Chadwick Street, Sewickley, PA 15143.

Originally known as "Dog Leg Left, LLC," Terra changed its name at some point after March 6, 2003.

9. Mr. Nash is believed to own, operate, and/or control Terra.

10. Debtor is a Pennsylvania limited liability company believed to have been formed on June 4, 2012, also having an address of 10 Chadwick Street, Sewickley, PA 15143.

11. Debtor's Statement of Financial Affairs identifies Mr. Nash as the sole member and sole owner of Debtor, and he is believed to own, operate and/or control Debtor.

12. Debtor, Mr. Nash, and Terra are represented by the same counsel.

B. The Construction Project and the State Court Litigation

13. Prior to the Petition Date, Mr. Wyche hired Debtor to build his dream home at 194 Merriman Road, Sewickley Heights, PA 15143, pursuant to the terms of a written contract calling for a contract price of $785,000.00.

14. Mr. Wyche contends that Debtor's work was, among other things, delayed, shoddy, and noncompliant with local municipal requirements, which ultimately required Creditor to take over the project and complete it.

15. As a result of Debtor's failure to fulfill its obligations under the parties' contract, Mr. Wyche asserts that he suffered damages in excess of $360,000.00, including without limitation damages relating to the cost to complete the work that Debtor failed to do, or completed in an unacceptable manner.

16. Mr. Wyche commenced litigation against Debtor in the Court of Common Pleas of Allegheny County, Pennsylvania, to recover damages from the Debtor in connection with

the foregoing, said case pending at docket number GD-17-017489 (the "State Court Litigation").

17. Seven (7) days before trial, Debtor filed this bankruptcy case, thereby preventing the trial from moving forward.

C. Summary of Petition and Schedules

18. Unbeknownst to Mr. Wyche, Debtor was contemplating this bankruptcy case by at least September 17, 2019 (approximately 6 months before filing), when it paid its bankruptcy retainer to its counsel.

19. As the State Court Litigation progressed, Debtor's gross annual revenue plummeted, from over $600,000.00 in 2018 to just $3,000.00 in the pre-petition period for 2020.

20. Despite the fact that it was generating hundreds of thousands of dollars in annual revenue through at least 2019, Debtor's bankruptcy schedules indicate that, as of the Petition Date, it had no accounts receivable, no inventory, no construction or office equipment, no tools, no vehicles, and no ongoing construction projects, nor had it transferred any such equipment in the two-year period prior to the Petition Date.

21. Just six (6) weeks before the Petition Date, Debtor transferred a sport utility vehicle to Mr. Nash.

22. Notwithstanding that Debtor's pre-petition 2020 revenue was just $3,000.00 (believed to be the settlement proceeds of a lawsuit), Debtor continued to pay Mr. Nash "compensation" through 2020 until the bankruptcy case was filed, thereby draining the Debtor's bank account to essentially nothing by the time the case was filed.

23. Upon information and belief, Debtor, Mr. Nash, and Terra routinely commingled funds and transferred funds back and forth between them.

24. Mr. Nash has been observed buying large quantities of building materials since the Petition Date.

25. Upon information and belief, the Debtor, Mr. Nash, Terra, and/or other unknown entities that Mr. Nash controls have and continue to operate as one business enterprise and continue to operate and generate revenue notwithstanding the Debtor's bankruptcy filing.

26. Upon information and belief, at or around the State Court Litigation was proceeding, and in the months leading up to this long-planned bankruptcy, Mr. Nash diverted assets of the Debtor to himself, Terra, and/or other unknown entities that he controls, all to the great detriment of Mr. Wyche and other creditors.

D. Mr. Wyche's Attempts to Obtain Information under Rule 2004

27. On or about June 16, 2020, Mr. Wyche served document requests under Rule 2004(c) upon Debtor, Mr. Nash, and Terra (the "Document Requests"), with a Rule 2004 Examination tentatively scheduled to follow on July 14, 2020, subject to rescheduling based on how quickly the documents could be gathered during the ongoing COVID-19 pandemic. A copy of the Document Requests is attached hereto as **Exhibit "1."**

28. On July 29, 2020, Debtor provided incomplete responses to the Document Requests.

29. To date, Mr. Nash and Terra have refused to respond to the Document Requests.

30. As of the drafting date of this Motion, Debtor has not responded to most of the Document Requests directed to it, though its counsel has indicated additional documents are forthcoming.

[PLEADING CONTINUES ON NEXT PAGE]

31. At present, the status of Debtor's responses to the Document Requests are as follows:

| No. | Summary Description | Status |
|---|---|---|
| 1(a) | Documents identifying Debtor's officers, directors, members, shareholders, etc. | No response |
| 1(b) | Debtor's corporate formation documents | No response |
| 1(c) | Debtor's corporate governance documents | No response |
| 1(d) | Debtor's meeting minutes | No response |
| 1(e) | Documentation of Debtor's assets | No response |
| 1(f) | Documentation of transfers among Debtor, Mr. Nash, and/or Terra | Incomplete response |
| 1(g) | Transfers by Debtor outside the ordinary course of business | No response |
| 1(h) | Debtor's bank statements | Incomplete response |
| 1(i) | Documentation of revenue not deposited into bank accounts | No response |
| 1(j) | Debtor's credit card statements | No response |
| 1(k) | Documents evidencing payments to Mr. Nash or other insiders of Debtor | No response |
| 1(l) | Contracts for work performed by Debtor | No response |
| 1(m) | Debtor's tax returns | No response |
| 1(n) | Debtor's financial statements | No response |
| 1(o) | Debtor's payroll records | No response |
| 1(p) | Debtor's subcontractors | No response |
| 1(q) | Payments made to creditors on Schedule H | No response |
| 1(r) | Debtor's accounts payable/receivable reports | No response |
| 1(s) | Debtor's advertising materials | No response |
| 1(t) | Debtor's financial statements submitted to lenders | No response |
| 1(u) | Debtor's income/expense statements submitted to lenders | No response |

32. On or about September 29, 2020, Mr. Wyche gave notice of his intent to serve subpoenas upon Mr. Nash (the "Nash Subpoena") and Terra (the "Terra Subpoena") requesting

various information similar to that requested in the Document Requests. Copies of said subpoenas and related correspondence are attached hereto as **Exhibit "2."**

33. On or about September 30, 2020, counsel for Debtor, Mr. Nash, and Terra notified Mr. Wyche's counsel that he objected to the Nash Subpoena and the Terra Subpoena. Counsel did not indicate which of his various clients he was objecting on behalf of, nor did he respond to requests for clarification as to which of his clients was objecting to the subpoenas.

## III. REQUEST FOR RELIEF

34. The averments of the foregoing paragraphs are incorporated by reference.

35. Federal Rule of Bankruptcy Procedure 2004(a) and (c) authorizes any "party in interest" to exam and/or request the production of documents from "any entity."

36. Mr. Wyche is a creditor and is therefore a "party in interest."

37. Since Rule 2004 authorizes the examination of or document production directed to "any party," non-debtors may be examined or required to produce documents, including without limitation, insiders of the Debtor and other corporate entities in which the debtor has an interest. See generally Norton Bankruptcy Law and Practice 3d., § 163.75 ("Persons Who May Be Examined").

38. Federal Rule of Bankruptcy Procedure 2004(b) sets forth the "broad and unfettered" scope of an examination or request for documents under Rule 2004. In re GHR Energy Corporation, 33 B.R. 451 (Bankr. D. Mass. 1983). At least one Court has characterized the scope of Rule 2004 as a legally permissible "fishing expedition." In re Duratech Indus., 241 B.R. 283 (E.D.N.Y. 1999).

39. Specifically, Rule 2004(b) provides that the examination or documentation requested "…may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate..."

40. In sum, the information requested in the Document Requests and the subpoenas consists of basic information about the structure, ownership, assets, and operations of the Debtor, Terra, and Mr. Nash, as well as the relationship between and among Debtor, Terra, and Mr. Nash.

41. This information is directly relevant to the acts, conduct, or property or to the liabilities and financial condition of the Debtor, and/or to any matter which may affect the administration of the Debtor's estate. With specific reference to the information sought in the Nash Subpoena and the Terra Subpoena, said information is directly relevant to whether creditors and/or the bankruptcy estate may have claims against Mr. Nash and/or Terra for breach of fiduciary duty, usurpation of corporate opportunities, successor liability, multiple forms of veil-piercing (including without limitation traditional veil-piercing and/or enterprise liability)

42. The claims bar date has been set in this case, and Mr. Wyche understands that the reason one has not been set is because the Trustee's investigation as to whether there are any assets available for liquidation for the benefit of creditors-such as claims against Mr. Nash and Terra-remains ongoing.

43. All information obtained to date is directly relevant to the Trustee's investigation, and any information obtained has been and will continue to be shared with the Trustee to assist his efforts to investigate such matters.

44. Therefore, Mr. Wyche respectfully requests that the Court grant the following relief:

    a. Order Debtor to provide full and complete responses to the Document Requests directed to it within fifteen (15) days;

    b. Order Mr. Nash to provide full and complete responses to the Nash Subpoena within fifteen (15) days;

    c. Order Terra to provide full and complete responses to the Terra Subpoena within fifteen (15) days;

    d. Permit the examination under oath of Mr. Nash and appropriate representatives of the Debtor and Terra at a mutually convenient within 60 days.

WHEREFORE, the Mr. Wyche respectfully requests that the Court enter an Order granting the relief requested, and further, he authorizes his undersigned counsel to file this pleading on his behalf.

                                                  Respectfully submitted,

                                                  METZ LEWIS BRODMAN MUST O'KEEFE LLC

By:   */s/ Roger P. Poorman*
        Roger P. Poorman, Esquire
        Pa. ID. # 206562
        535 Smithfield Street, Suite 800
        Pittsburgh, PA  15222
        (412) 918-1100 (T)
        (412) 918-1199 (F)
        rpoorman@metzlewis.com
        Attorneys for Movant