**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

*************************************************************************

| | | |
|---|---|---|
| IN RE: | ) | Bktcy. 20-20875-CMB |
| | ) | |
| NASH BUILDING COMPANY, | ) | Chapter 7 |
| | ) | |
| DEBTOR | ) | |

*************************************************************************

| | | |
|---|---|---|
| ROBERT H. WYCHE, | ) | Doc. # ____ |
| | ) | |
| Movant, | ) | Related Doc. # 18, 23, 24 |
| | ) | |
| v. | ) | Hearing Date: 12/16/20 |
| | ) | |
| NASH BUILDING COMPANY; | ) | Hearing Time: 10:00 AM |
| MONROE NASH; TERRA | ) | |
| INVESTMENTS, LLC; and ROBERT | ) | |
| SHEARER, CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Respondent(s). | ) | |

*************************************************************************

**JOINT STATUS REPORT**

COME NOW Robert H. Wyche ("Mr. Wyche"), by and through his undersigned counsel, and Nash Building Company, by and through its undersigned counsel, and do file the within Status Report, upon a cause whereof the following is a statement, to wit:

**I.    BACKGROUND**

1. The disputes between the parties in this matter arise from a construction project involving the Debtor, Nash Building Company's ("Debtor") construction of Mr. Wyche's home at 194 Merriman Road, Sewickley Heights, PA 15143 ("Project").

2. Litigation was pending in State Court over the Project when the above-captioned case was filed.

3. Prior to October 2, 2020, Mr. Wyche attempted to obtain documents from Debtor, Monroe Nash ("Mr. Nash"), and Terra Investments, LLC ("Terra") pursuant to Federal Rule of Bankruptcy Procedure 2004.

4. In response to Mr. Wyche's document requests, the Debtor produced some documents while objecting to certain requests. As of the date of the within Joint Status Report, the Parties have reached an understanding with respect to anything outstanding regarding the Debtor. Mr. Nash, and Terra objected to all document requests directed to them and continue to do so.

5. On October 2, 2020, Mr. Wyche filed a Motion to Compel against Debtor, Mr. Nash, and Terra (the "Motion to Compel").

6. The Motion to Compel sought essentially four (4) forms of relief, summarized as follows:

    a. An Order directing Debtor to provide full and complete responses to certain requests for production of documents directed to Debtor pursuant to Federal Rule of Bankruptcy Procedure 2004;

    b. An Order directing Mr. Nash to provide full and complete responses to a subpoena directed to Mr. Nash;

    c. An Order directing Terra to provide full and complete responses to a subpoena for documents directed to Terra; and

    d. An Order permitting the examination under oath of Mr. Nash in his individual capacity and appropriate representatives of the Debtor and Terra.

7. Debtor, Mr. Nash, and Terra objected to the relief requested in the Motion to Compel to the extent it involved any of the Debtor's asserted objections, Mr. Nash or Terra.

The Debtor also produced documents on the same day the Motion to Compel was filed so the allegations about what documents were outstanding with respect to the Debtor were inaccurate.

8. A hearing on the Motion to Compel was held on October 29, 2020.

9. At the hearing, the Court continued the matter to December 16, 2020, at 10:00 AM, directed the parties to hold a two-hour meeting to attempt to resolve their disputes and/or narrow the issues, and directed the parties to file a Status Report by December 3, 2020.

10. Counsel for the parties held an in-person two-hour meeting on December 3, 2020.

11. This Status Report is filed to apprise the Court of the status of this matter in advance of the upcoming hearing.

12. The parties will continue to attempt to resolve their differences prior to the upcoming hearing.

II. **STATUS OF DISCOVERY DIRECTED TO DEBTOR AND SCOPE OF RULE 2004 EXAMINATION**

13. The disputes between the parties relative to the document requests submitted to Debtor have been almost entirely resolved, as detailed on **Exhibit "1"** attached hereto.

14. The remaining open items relating to document production are highlighted on **Exhibit "1".**

15. With respect to a Rule 2004 Examination of the Debtor, the parties' positions are as follows:

    a. <u>Mr. Wyche</u>: Mr. Wyche believes that the Debtor's representative at Rule 2004 Examination will be Mr. Nash. As a party in interest, Mr. Wyche is permitted to conduct a broad and unfettered examination of the Debtor's representative(s) concerning the acts, conduct, or property or to the liabilities and financial condition of the Debtor, and all matters which

        may impact the Debtor's estate, which he believes include all of the subject areas upon which documents have been requested from Debtor. In particular, at this time, Mr. Wyche believes relevant topics of examination at the Rule 2004 Examination will consist of, without limitation: i) information about the assets and operations of Mr. Nash; ii) the relationship between and among Debtor, Terra, and Mr. Nash; iii) information relevant to potential claims creditors or the estate may have against Mr. Nash relating to potential claims for breach of fiduciary duty, usurpation of corporate opportunities, successor liability, and/or multiple forms of veil-piercing (including without limitation traditional veil-piercing and/or enterprise liability).

    b.    <u>Debtor</u>: Debtor anticipates that its representative will be Mr. Nash. It should be clear that Mr. Nash is testifying as the corporate representative of the Debtor and is not offering testimony in an individual capacity. The Debtor believes that the scope of such an exam should be broad with respect to the Debtor but very limited with respect to any non-debtor parties. With respect to non-debtor parties, including Mr. Nash and Terra, only the nature and extent of any non-debtor party's relationship to the Debtor should be examined. Anything related to the underlying business and financials of non-debtor parties should be expressly off limits.

### III.    <u>STATUS OF DISCOVERY DIRECTED TO MR. NASH AND SCOPE OF RULE 2004 EXAMINATION</u>

16.    The document attached hereto as **Exhibit "2"** sets forth the current status of the documents sought from Mr. Nash pursuant to the subpoena.

17.    The remaining open items are highlighted on **Exhibit "2".**

18.    The parties are at an impasse at the present time concerning discovery directed to Mr. Nash. With respect to a Rule 2004 Examination of the Mr. Nash in his individual capacity, the parties' positions are as follows:

    a.    <u>Mr. Wyche</u>: As a party in interest, Mr. Wyche is permitted to conduct a broad and unfettered examination of Mr. Nash in his individual capacity concerning all matters which may impact the Debtor's estate, which he believes include all of the subject areas upon which documents have been requested from Debtor. In particular, at this time, Mr. Wyche believes relevant topics of examination at the Rule 2004 Examination

4

will consist of, without limitation: i) information about the assets and operations of Mr. Nash; ii) the relationship between and among Debtor, Terra, and Mr. Nash; iii) information relevant to potential claims creditors or the estate may have against Mr. Nash relating to potential claims for breach of fiduciary duty, usurpation of corporate opportunities, successor liability, and/or multiple forms of veil-piercing (including without limitation traditional veil-piercing and/or enterprise liability).

b. <u>Mr. Nash</u>: expressly limited to the nature and extent of relationship between Mr. Nash and the Debtor. Anything related to the underlying business or financials of Mr. Nash is outside the scope.

## IV. STATUS OF DISCOVERY DIRECTED TO TERRA AND RULE 2004 EXAMINATION

19. The document attached hereto as **Exhibit "3"** sets forth the current status of the documents sought from Terra pursuant to the subpoena.

20. The remaining open items are highlighted on **Exhibit "3".**

21. The parties are presently at an impasse concerning discovery directed to Terra. With respect to a Rule 2004 Examination of Terra, the parties' positions are as follows:

a. <u>Mr. Wyche</u>: Mr. Wyche believes that Terra's representative at Rule 2004 Examination will be Mr. Nash. As a party in interest, Mr. Wyche is permitted to conduct a broad and unfettered examination of Terra concerning all matters which may impact the Debtor's estate, which he believes include all of the subject areas upon which documents have been subpoenaed from Terra. In particular, at this time, Mr. Wyche believes relevant topics of examination at the Rule 2004 Examination will consist of, without limitation: i) information about the structure, ownership, assets, and operations of Terra; ii) the relationship between and among Debtor, Terra, and Mr. Nash; iii) information relevant to potential claims creditors or the estate may have against Terra relating to potential claims for breach of fiduciary duty, usurpation of corporate opportunities, successor liability, and/or multiple forms of veil-piercing (including without limitation traditional veil-piercing and/or enterprise liability).

      b.    <u>Terra</u>: expressly limited to the nature and extent of relationship between Terra and the Debtor. Anything related to the underlying business or financials of Terra is outside the scope.

Respectfully submitted,

| METZ LEWIS BRODMAN MUST O'KEEFE LLC<br><br>By: */s/ Roger P. Poorman*<br>Roger P. Poorman, Esquire<br>Pa. ID. # 206562<br>535 Smithfield Street, Suite 800<br>Pittsburgh, PA 15222<br>(412) 918-1100 (T)<br>(412) 918-1199 (F)<br>rpoorman@metzlewis.com<br>Attorneys for Robert H. Wyche | */s/ Ryan J. Cooney*<br>Ryan J. Cooney<br>PA I.D. # 319213<br>223 Fourth Ave, 4th Floor<br>Pittsburgh, PA 15222<br>(412) 392-0330 (T)<br>(412 )392-0335 (F)<br>rcooney@lampllaw.com<br>Attorneys for Debtor, Monroe Nash, and Terra Investments, LLC |
|---|---|